UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DASHAWN BRANTLEY,

               Plaintiff,                        Case No. 2:24-cv-147

v.                                          Honorable Robert J. Jonker

UNKNOWN GRONDIN et al.,

               Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*.

Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21. Applying this standard regarding joinder, the Court will drop as misjoined Defendants Gallagher and Martin. The Court will dismiss Plaintiff's claims against the misjoined Defendants without prejudice.

Further, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these

standards, Plaintiff's Eighth Amendment claims against Defendants Anderson, Mckinney,[1] and Grondin remain in the case.

## Discussion

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following URF staff: Sergeant Unknown Grondin, and Correctional Officers Unknown Anderson, Unknown Mckinney, Unknown Gallagher, and Unknown Martin.

Plaintiff alleges that he was previously issued a medical detail that would allow Plaintiff "unrestricted access to [the] bathroom." (ECF No. 1, PageID.3.) On April 14, 2023, Plaintiff informed Defendants Anderson, Mckinney, and Grondin of his medical detail and asked if he could use the bathroom because he was having an "emergency bowel movement." (*Id.*) Defendant Anderson stated, "You should've used it before count," Defendant Grondin stated, "So what you[ are] not going," and Defendant Mckinney told Plaintiff to "shut up, and claimed that the detail was not real." (*Id.*) Plaintiff soiled himself because Defendants denied him access to the bathroom. (*Id.*) Plaintiff also claims to have soiled himself "on many other occasions" because his medical detail was not honored by Defendants. (*Id.*, PageID.5.)

On July 10, 2023, Plaintiff used his medical detail to use the bathroom. (*Id.*, PageID.3.) When Plaintiff came out of the bathroom, Defendant Gallagher asked Plaintiff for Plaintiff's prisoner I.D., telling Plaintiff that she was writing Plaintiff a misconduct ticket for being "out of

---

[1] In this opinion, the Court retains the capitalization of Defendants' names as used by Plaintiff in his complaint.

place." (*Id.*) When Plaintiff told Defendant Gallagher of Plaintiff's medical detail, Defendant Gallagher responded, "I don't care about that detail, this ticket will make sure you won't have it long." (*Id.*) Plaintiff was never called for an administrative hearing. (*Id.*) Instead, Plaintiff later received a hearing report, falsely alleging that Plaintiff was present for the hearing. (*Id.*) For a "short time," Plaintiff was stripped of his medical detail. (*Id.*, PageID.5.) Plaintiff also states that Defendant Martin "intentionally tried to get [Plaintiff's] medical detail taken by writing the false out of place, knowing that [Plaintiff] was authorized to use the bathroom, and for depriving [Plaintiff of] the right to be present at the hearing." (*Id.*, PageID.4.)

Plaintiff seeks compensatory and punitive damages. (*Id.*, PageID.5.)

## II.    Misjoinder

### A.    Joinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2). Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .

> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Pace v. Timmermann's Ranch and Saddle Shop Inc.*, 795 F.3d 748, 754 n.10 (7th Cir. 2015), *and Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (discussing that joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (internal quotation marks omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (citation omitted).

Permitting improper joinder in a prisoner civil rights action undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). The Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison

Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .

A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA).

Under these circumstances, to allow Plaintiff to proceed with improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should any of his claims be dismissed as frivolous or for failure to state a claim. Courts are therefore obligated to reject misjoined claims like Plaintiff's. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Here, Defendants Anderson, Mckinney, and Grondin are the first Defendants identified by name in the factual allegations of the complaint.[2] Specifically, Plaintiff alleges that, on April 14, 2023, Defendants Anderson, Mckinney, and Grondin denied Plaintiff the opportunity to use the bathroom, forcing Plaintiff to soil himself. (ECF No. 1, PageID.3.) Plaintiff also claims to have soiled himself "on many other occasions" because his medical detail was not honored by Defendants. (*Id.*, PageID.5.) Plaintiff does not allege that Defendants Gallagher and Martin were involved in these incidents where Plaintiff's medical detail was not honored. Instead, Plaintiff's allegations against Defendants Gallagher and Martin concern a "false out of place" misconduct

---

[2] The analysis of joinder must start somewhere. By accepting the first-named Defendant in Plaintiff's factual allegations as the foundation for the joinder analysis, the Court is considering the issue of joinder of parties as Plaintiff has presented it in his complaint.

report in July 2023. No matter how liberally the Court construes Plaintiff's complaint, Plaintiff has not stated at least "one claim against each [remaining] defendant [that] is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (citations omitted). Accordingly, the Court concludes that, while Defendants Anderson, Mckinney, and Grondin are properly joined, Plaintiff has improperly joined Defendants Gallagher and Martin.

### B.      Remedy

Because the Court has concluded that Plaintiff has improperly joined Defendants Gallagher and Martin to this action, the Court must determine an appropriate remedy. Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. Civ. P. R. 21. Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'" (citation omitted)); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845.

Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846–47.

Plaintiff brings this action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Plaintiff's claims against Defendants Gallagher and Martin occurred in July of 2023. Therefore, there is no basis to conclude that the statute of limitations has or will run on Plaintiff's claims against the misjoined Defendants, and Plaintiff has provided no basis for this Court to conclude that he would suffer gratuitous harm if claims against the misjoined Defendants are dismissed without prejudice.

Accordingly, the Court will exercise its discretion under Rule 21 and drop Defendants Gallagher and Martin because they are misjoined, and the Court will dismiss Plaintiff's claims against them without prejudice to the institution of new, separate lawsuits.[3] *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("In such a case, the court can generally dismiss all

---

[3] If Plaintiff wishes to proceed with his claims against the misjoined Defendants, he may do so by filing a new civil action on the form provided by this Court, *see* W.D. Mich. LCivR 5.6(a), and paying the required filing fees or applying in the manner required by law to proceed *in forma pauperis*. As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants and claims that are transactionally related to one another. The Court may, in its discretion and without further warning, dismiss any future complaint, or part thereof, filed by Plaintiff that contains claims that are misjoined. Plaintiff is advised that simply because separate and discrete events occurred during Plaintiff's incarceration does mean that all claims arising out these events are properly joined.

but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs.").

### III.    Claims Against Defendants Anderson, Mckinney, and Grondin

#### A.    Standard of Review

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

8

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### B.    Discussion

Plaintiff alleges that Defendants Grondin, Anderson, and Mckinney "deliberately disregarded" Plaintiff's medical detail and requests to use the bathroom, causing Plaintiff to soil himself in front of other inmates. (ECF No. 1, PageID.4.) The Court will construe Plaintiff's complaint to bring claims against these Defendants for violation of Plaintiff's Eighth Amendment rights by subjecting Plaintiff to unconstitutional conditions of confinement.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).

The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate

indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

In this case, Plaintiff claims that Defendants Anderson, Mckinney, and Grondin refused to allow Plaintiff to use the bathroom during count while Plaintiff was having an "emergency bowel movement," even though they had been made aware that Plaintiff had been issued a medical detail allowing Plaintiff "unrestricted access to the bathroom." (ECF No. 1, PageID.3.) Plaintiff states that he was unable to wait, and defecated on himself, which caused Plaintiff to suffer humiliation. (*Id.*) Although lacking in specificity, Plaintiff also states that Defendants have denied Plaintiff access to the bathroom "on many other occasions." (*Id.*, PageID.4–5.)

The Supreme Court has recognized that the "deprivation of bathroom breaks that created a risk of particular discomfort and humiliation," could, under some circumstances, implicate the Eighth Amendment. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002); *see also Berryman v. Haas*, No. 17-cv-10762, 2017 WL 3224970, at *6 (E.D. Mich. July 31, 2017) ("Precedent . . . indicates that the indignity a prisoner experiences when he is forced to soil his clothing in front of another prisoner (or has to disimpact his feces in front of another prisoner) is an affront to the Eight Amendment."); *Boles v. Lewis*, No. 1:07–CV–277, 2008 WL 4534043, at *5 (W.D. Mich. Sept. 30, 2008) (concluding that the plaintiff, who had a medical condition causing frequent urination, presented sufficient evidence to establish his Eighth Amendment claim based on the defendant's repeated denials of the plaintiff's requests to use a toilet during the count period). Accordingly, taking Plaintiff's allegations as true, as the Court is required to do at this time, the Court will not dismiss Plaintiff's Eighth Amendment claims against Defendants Anderson, Mckinney, and Grondin on screening.

**<u>Conclusion</u>**

The Court will grant Plaintiff leave to proceed *in forma pauperis*. For the foregoing reasons, the Court will drop as misjoined Defendants Gallagher and Martin. Plaintiff's claims against these Defendants will be dismissed without prejudice. Plaintiff's Eighth Amendment claims against Defendants Anderson, Mckinney, and Grondin remain in the case.

Dated:   <u>September 11, 2024</u>          <u>/s/ Robert J. Jonker</u>
                                                  Robert J. Jonker
                                                  United States District Judge

11